LIWANG LIN, Petitioner,

v.

Alberto GONZALES, Attorney
General, Respondent.

No. 06–3957–ag.

United States Court of Appeals,
Second Circuit.

May 23, 2007.

Aleksander B. Milch, Christophe & Associates, New York, NY, for Petitioner.

Michael J. Sullivan, United States Attorney for the District of Massachusetts, Gina Walcott–Torres, Assistant United States Attorney, Boston, MA, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Liwang Lin, a native and citizen of the People's Republic of China, seeks review of a July 28, 2006 order of the BIA affirming the November 5, 2004 decision of Immigration Judge ("IJ") Adam Opaciuch denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Liwang Lin,* No. A97 744 750 (B.I.A. July 28, 2006), *aff'g* No. A97 744 750 (Immig. Ct. N.Y. City Nov. 5, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—including the portions of the IJ's decision not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir. 2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ Lin argues that the IJ's adverse credibility determination was impermissibly speculative, in that his findings rested solely on "inaccurate, subjective interpretations of Chinese family planning policies." The BIA rejected this argument, and we are not compelled to conclude otherwise. The IJ reasonably rejected Lin's explanation that his wife was medically unfit for sterilization, particularly when he offered no evidence to corroborate this allegation. The IJ also reasonably rejected Lin's claim that the cadres stopped requiring his wife to attend check-ups or use birth control simply because he had left the country, when nothing in the background materials indicated that the family planning policy is suspended during a husband's absence. Because the IJ's findings of implausibility were tied to record facts, "viewed in the light of common sense and ordinary experience," we cannot find that he engaged in "bald speculation" and are not compelled to reject his findings. *See Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir.2007); *Xiao Ji Chen v. United States Dep't of Justice,* 471 F.3d 315, 336 n. 16 (2d Cir.2006); *Ming Xia Chen v. BIA,* 435 F.3d 141 (2d Cir.2006). The IJ also based his adverse credibility finding on Lin's inconsistent testimony regarding his encounters with his wife immediately following the abortion, and on his submission of an "abortion certificate" to corrobo-

rate her experience, when the 2004 State Department Profile indicated that such documents were issued only in cases of voluntary abortions. In light of the IJ's other concerns with the plausibility of Lin's claim, it was not unreasonable for him to find that this unauthenticated submission further undermined his credibility. *See Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006).

The adverse credibility finding is dispositive of all Lin's claims, to the extent they rested on his family planning claim. *Cf. Paul v. Gonzales,* 444 F.3d 148, 155–56 (2d Cir.2006).

Finally, substantial evidence supports the IJ's denial of CAT relief, to the extent it rested on Lin's illegal departure claim. The IJ reasonably found that Lin failed to establish that someone in his alleged circumstances was more likely than not to be tortured upon return. *See Mu Xiang Lin v. United States Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.